UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY LEE JONES, III,<br><br>    Plaintiff<br><br>v.<br><br>OFFICER T. RYBECKI, et al.,<br><br>    Defendants | Case No.: 2:25-cv-00046-APG-DJA<br><br>**Order**<br><br>[ECF Nos. 33, 35, 36, 38, 39, 41] |

    Johnny Lee Jones has appealed my denial of his motion for preliminary injunction. ECF No. 26. He also has appealed my order staying this case and denying his motions that were pending at that time. ECF No. 43. Since then, Jones has filed several other motions.

    Three of Jones' current motions focus on the denial of his motion for leave to proceed on appeal in forma pauperis (IFP). ECF Nos. 35, 38, 41. I grant those motions to the extent they seek a reconsideration of his motion to appeal IFP. ECF No. 33. Having considered the arguments in all four of those motions, I deny Jones' request to proceed on appeal IFP. As discussed in the numerous prior orders addressing his IFP status, Jones has not filed the appropriate forms and provided the necessary information to confirm his IFP status. Thus, I deny his request. He may seek permission from the court of appeals to proceed IFP under Federal Rule of Appellate Procedure 24(a)(5).

    I grant Jones' request for a copy of his motion for temporary restraining order/preliminary injunction, which he claims he needs for his appeal. Normally, the court does not provide courtesy copies of filings to inmates. But I will grant Jones this one-time courtesy.

    Jones also filed an "emergency constitutional challenge" to the IFP statute. ECF No. 36. That challenge references 28 U.S.C. § 1915A, which requires a court to screen a prisoner's

complaint. *Id.* However, the body of his challenge discusses the timing of obtaining documents necessary to attach to an IFP application. Therefore, I will interpret the motion as challenging 28 U.S.C. § 1915. That statute, and the court's denial of his IFP application, are the subject of Jones' pending appeal. "The general rule is that once a notice of appeal has been filed the district court is divested of jurisdiction over the matters being appealed." *United States v. Phelps*, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002) (citation omitted). Thus, I will deny without prejudice Jones' constitutional challenge at this time. He may renew that challenge if he desires after the Ninth Circuit has ruled on his pending appeals.

I THEREFORE ORDER that Jones' motion to supplement (ECF No. 35), his objection (ECF No. 38), and his motion for reconsideration (ECF No. 41) are granted only to the extent I have reexamined the earlier denial of Jones' motion to proceed on appeal in forma pauperis.

I FURTHER ORDER that Jones' motion to proceed on appeal in forma pauperis (ECF No. 33) is denied without prejudice to seek that relief from the court of appeals.

I FURTHER ORDER that Jones' motion for documents (ECF No. 39) is granted. The clerk of the court is kindly directed to provide Jones a copy of ECF Nos. 3/4, which are identical.

I FURTHER ORDER the clerk of court to notify the Ninth Circuit Court of Appeals that I have denied Jones' motion to proceed on appeal in forma pauperis, as required by Federal Rule of Appellate Procedure 24(a)(4).

I FURTHER ORDER that Jones' emergency constitutional challenge (ECF No. 36) is denied without prejudice.

DATED this 12th day of May, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE