UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Johnny Lee Jones, III,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Officer T. Rybecki, et al.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-00046-APG-DJA<br><br>**Report and Recommendation** |

　　　　On February 10, 2025, the undersigned magistrate judge denied pro se Plaintiff Johnny Lee Jones, III's application to proceed *in forma pauperis.* (ECF No. 11). Plaintiff challenged that order, which order the assigned district judge affirmed. (ECF Nos. 11, 23). Plaintiff then had until April 14, 2025, to file an application to proceed *in forma pauperis.* (ECF No. 23). Plaintiff filed an appeal and then sought a stay pending the Ninth Circuit resolving the appeal, which stay was granted. (ECF Nos. 26, 29, 34). The Ninth Circuit dismissed Plaintiff's appeals on June 18, 2025. (ECF No. 47).

　　　　In early November, Plaintiff then filed an emergency motion for temporary restraining order (ECF No. 48), an emergency motion for preliminary injunction (ECF No. 49), an emergency motion to recuse (ECF No. 50), an emergency motion to waive filing fee (ECF No. 51), an emergency motion to supplement (ECF No. 54), and an emergency motion "to allow the plaintiff to enter the courthouse," (ECF No. 55). The undersigned denied the emergency motion to waive the filing fee on November 7, 2025, because it was not on the Court's form. (ECF No. 56). The undersigned sent Plaintiff a copy of the Court's form and required him to file it or pay the filing fee on or before December 8, 2025. (*Id.*). In doing so, the undersigned explained that **"Plaintiff is advised that failure to comply with this order will result in a recommendation to the district judge that the case be dismissed**." (*Id.* emphasis in original). Plaintiff has

missed the December 8, 2025, deadline.  So, the undersigned recommends dismissal of Plaintiff's case without prejudice.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order.  Fed. R. Civ. P. 41(b).  In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with the undersigned's order, the undersigned recommends dismissal of Plaintiff's case without prejudice.  *See* Fed. R. Civ. P. 41(b); *see* LR IA 11-8(e).  The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to comply with a Court order impedes this goal.  The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to comply with a Court order or initiate this action by paying the filing fee or filing a completed application to proceed *in forma pauperis*.  The third factor weighs in favor of dismissal because the longer this case is carried on, the more witnesses' memories will fade and evidence may be lost.  The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors.  Fifth, there are no less drastic sanctions when Plaintiff has not complied with a Court order.  Given Plaintiff's failure to comply with an order for Plaintiff to pay the filing fee or apply to proceed without doing so, monetary sanctions are not practical.  Nor are other non-monetary sanctions an option if Plaintiff does not to follow Court orders.  The fifth factor weighs in favor of dismissal.  The undersigned thus recommends dismissing Plaintiff's case without prejudice.  A dismissal without prejudice allows Plaintiff to file a new case with the Court, under a new case number.  Because the undersigned recommends dismissal of this action, the undersigned further recommends denying Plaintiff's pending motions (ECF Nos. 48, 49, 50, 54, 55) as moot.

///

///

1 **IT IS THEREFORE RECOMMENDED** that this case be **dismissed without prejudice.** The Clerk of Court is kindly directed to send a copy of this recommendation to Plaintiff.

**IT IS FURTHER RECOMMENDED** that Plaintiff's pending motions (ECF Nos. 48, 49, 50, 54, 55) be **denied as moot.**

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: December 12, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE